Mary Beth Kaufman (CA SBN # 228570)
Law Offices of Stanton & Kaufman
400 Montgomery Street, Suite 502
San Francisco, California 94104
Telephone: (415) 392-6161, extension 305
Fax: (415) 983-2987
Email: mbkaufman@immlawsf.com

Counsel for Plaintiff
Juan Cuellar Huerta

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN MANUEL CUELLAR HUERTA,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRI A. ROBINSON, DIRECTOR, NATIONAL BENEFITS CENTER OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); TRACY RENAUD, ACTING DIRECTOR, USCIS; USCIS; ALEJANDRO MAYORKAS, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, in their official capacities,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**<br><br>Immigration Case |

**INTRODUCTION**

1. Plaintiff, Juan Manuel Cuellar Huerta, ("Mr. Cuellar" or "Plaintiff"), seeks declaratory relief and an order compelling Defendants to rescind the denial of Mr.

---

Complaint, Case No. _____

Cuellar's application for advance parole.

2. Mr. Cuellar is the noncitizen father of an adult citizen of the United States. Based on that familial relationship, on April 30, 2020, Mr. Cuellar filed a Form I-485, Application to Adjust Status to Lawful Permanent Residence, together with Form I-765, Application for Employment Authorization, and Form I-131, Application for Travel Document, with the United States Citizenship and Immigration Services ("USCIS"). The "Travel Document" that Mr. Cuellar seeks is known as "advance parole" and would permit him to reenter the United States after a brief departure. *See* 8 C.F.R. § 212.5(c), (f).

3. The governing statute and regulations authorize USCIS to grant advance parole to a noncitizen with a pending application for adjustment of status (Form I-485). *See, e.g.*, 8 U.S.C. § 1182(d)(5); 8 C.F.R. § 212.5(c).

4. On September 16, 2020, USCIS denied Mr. Cuellar's Form I-131, despite the fact that his Form I-485 remains pending.

5. USCIS's denial of Mr. Cuellar's Form I-131 is a violation of the Administrative Procedure Act, as the decision is arbitrary, capricious, and contrary to law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. §§ 2201, 2202 (declaratory judgment).

7. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacities; because Plaintiff resides in this district; and because no

real property is involved in this action.

//

## PARTIES

8. Plaintiff Mr. Cuellar is a citizen and national of Mexico who resides in Hercules, California.

9. Defendant Terri Robinson is the director of the USCIS National Benefits Center and, in that capacity, issued the denial of Mr. Cuellar's Form I-131. She is sued herein in her official capacity.

10. Tracy Renaud is the acting director of USCIS. She is sued herein in her official capacity.

11. The USCIS is the agency responsible for administration and enforcement of the Immigration and Nationality Act and other laws relating to the immigration and naturalization of noncitizens. USCIS is responsible for adjudication of applications for travel documents, including advance parole documents.

12. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security, the executive department that contains USCIS. In this capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103. He is sued herein in his official capacity

13. The Department of Homeland Security is the federal agency encompassing USCIS, which is responsible for the administration and enforcement of the Immigration and Nationality Act and other laws relating to the immigration and naturalization of noncitizens.

## FACTUAL ALLEGATIONS

14. A noncitizen who is the parent of an adult U.S. citizen may apply to adjust

his status to that of a lawful permanent resident.  8 U.S.C. § 1151(b)(2)(A)(i); 8 U.S.C. § 1255.

15.  To apply for lawful permanent residence from within the United States, rather than at a consulate abroad, the noncitizen must have been "inspected and admitted or paroled into the United States" at some time in the past.  8 U.S.C. § 1255(a).  The terms "admission" and "admitted" refer to "the lawful entry of the [noncitizen] into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).  It does not matter whether the noncitizen's admission was substantively compliant with the law; it matters only that the entry was procedurally regular.  *Matter of Quilantan*, 25 I. & N. Dec. 285, 290 (BIA 2010) (holding that "admitted" and "admission," as defined in 8 U.S.C. § 1101(a)(13)(A), "denote procedural regularity for purposes of adjustment of status, rather than compliance with substantive legal requirements").  A noncitizen with no legal right to enter the United States "who physically presents herself for questioning and makes no knowing false claim to citizenship" is "inspected and admitted," even if not admissible.  *Id.* at 293 (citing *Matter of Areguillin*, 17 I. & N. Dec. 308 (BIA 1980); *Matter of G-*, 3 I. & N. Dec. 136, 138 (BIA 1948)).  There is no "requirement of substantive legal compliance [at entry] for adjustment of status under" 8 U.S.C. § 1255 (a).  *Id.* at 291.

16.  With his April 30, 2020 applications for adjustment of status, employment authorization, and advance parole, Mr. Cuellar included evidence of his procedurally regular admission into the United States.  Along with statements from witnesses, Mr. Cuellar submitted his own detailed, sworn statement.  His statement explains that, on July 23, 1998, Mr. Cuellar presented himself at the Calexico, California port of entry with a falsified "Border Crossing Card," which is a form of visitor visa under 8 U.S.C. §

1101(a)(15)(B).  The border official who inspected Mr. Cuellar's document asked him no questions and, "with a signal of his hand," gestured to Mr. Cuellar that he could pass through the port of entry.  Such an entry is considered "procedurally regular" and sufficient to qualify a noncitizen to apply for adjustment of status within the United States.  *E.g.*, *Quilantan*, 25 I. & N. Dec. at 290, 293.

17. On April 30, 2020, USCIS accepted Mr. Cuellar's applications for adjustment of status (Form I-485), employment authorization (Form I-765), an advance parole travel document (Form I-131), as well as other required forms and evidence.  The Form I-485 remains pending at this time.

18. On November 10, 2020, USCIS approved Mr. Cuellar's application for employment authorization (Form I-765), granting him an employment authorization document under 8 C.F.R. § 274a.12(c)(9).  That regulation permits USCIS to grant employment authorization to a noncitizen on the sole basis that the noncitizen has a pending Form I-485.

19. Similarly, the advance parole statute requires only (1) that Mr. Cuellar have a pending adjustment of status application, (2) that approval of advance parole would work a "significant public benefit," and (3) that Mr. Cuellar merits a positive exercise of discretion.  8 U.S.C. § 212(d)(5).  The advance parole regulation at 8 C.F.R. § 212.5(c) imposes no additional requirements.  The Form I-131 instructions, which are incorporated into the regulations,[1] require only a copy of a photo identification document, an explanation of why the applicant wants to travel abroad, and a receipt notice showing that the applicant's Form I-485 is pending.  *See* Instructions, Form I-131, at 9, *available*

---

[1] 8 C.F.R. § 103.2(a)(1) ("The form's instructions are hereby incorporated into the regulations requiring its submission.").

*at* https://www.uscis.gov/sites/default/files/document/forms/i-131instr.pdf.

20. On September 16, 2020, USCIS denied Mr. Cuellar's application for advance parole (Form I-131) on the basis that Mr. Cuellar had "not established that [he was] admitted or paroled when [he] last entered the United States." The USCIS's denial notice cites no legal authority requiring an advance parole applicant to establish the merits of his underlying adjustment of status application.

## CAUSE OF ACTION

## COUNT ONE

## ADMINISTRATIVE PROCEDURE ACT

21. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

22. Pursuant to 5 U.S.C. § 706(2)(A), a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."

23. It was arbitrary, capricious, and contrary to law for the USCIS to conflate the requirements for advance parole with the requirements for adjustment of status. The USCIS denied advance parole on the basis of a requirement that does not apply to that benefit; the statute and regulations that govern advance parole determinations do not require Mr. Cuellar to prove that he has previously been inspected and admitted or paroled into the United States. Instead, they require that he have a Form I-485 pending, that his parole would work a significant public benefit, and that he merit a favorable exercise of discretion. 8 U.S.C. § 1182(d)(5); 8 C.F.R. § 212.5(c). Mr. Cuellar has a pending Form I-485, and the USCIS made no finding as to the other two requirements. By denying on a basis other than those authorized by the statute and

regulations, the USCIS acted contrary to law and thereby violated the Administrative Procedure Act.

24. The arbitrariness and capriciousness of the USCIS's decision is particularly clear from its decision to grant Mr. Cuellar employment authorization. The employment authorization regulation, like the advance parole statute and regulation, requires a pending adjustment application but does not require proof of eligibility for adjustment of status. 8 C.F.R. § 274.12a(c)(9).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to rescind the denial of Plaintiff's application for advance parole and properly adjudicate that application within 30 days of the Court's order;

(3) Declare Defendants' September 16, 2020 decision to deny advance parole to be a violation of 8 U.S.C. § 1182(d)(5), 8 C.F.R. § 212.5(c), and the Administrative Procedure Act;

(4) Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

(5) Grant such further relief as the Court deems just and proper.

Dated: June 2, 2021

Respectfully submitted,

By: /s/ Mary Beth Kaufman

Mary Beth Kaufman (CA SBN # 228570)

Law Offices of Stanton & Kaufman

400 Montgomery Street, Suite 502

San Francisco, California 94104

Telephone: (415) 392-6161, extension 305

Email: mbkaufman@immlawsf.com